900 F.2d 253
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John J. KRAHEL, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers
Compensation Programs, United States Department of
Labor, Respondents.
 No. 89-2394.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 12, 1990.
Decided April 5, 1990.
As Amended May 7, 1990.
Rehearing and Rehearing In Banc Denied May 17, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board.
 Timothy Francis Cogan, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W. Va., for petitioner.
 
 
 1
 Michael John Rutledge, Assistant Counsel for Administrative Litigation and Legal Advice, United States Department of Labor, Washington, D.C.; Douglas A. Smoot, Jackson & Kelly, Charleston, W. Va. (Argued) for respondents; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Sylvia T. Kaser, Counsel for Appellate Litigation, United States Department of Labor, Washington, D.C., on brief.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 4
 Before K.K. HALL, Circuit Judge, RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and JAMES R. SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 PER CURIAM:
 
 5
 John Krahel petitions for review of the Benefits Review Board's ("Board") affirmance of the Administrative Law Judge's ("ALJ") decision and order denying benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Secs. 901 et seq. We vacate and remand.
 
 
 6
 * John Krahel worked in the coal mines for approximately 40 years. He last worked in 1974. On March 13, 1975, he filed this claim for black lung benefits. A hearing was held before an ALJ on May 20, 1985. Because the transcript of that hearing was lost, a second hearing was held on September 11, 1986.
 
 
 7
 The medical evidence in the record before the ALJ included ten x-rays (four positive readings, fifteen negative readings), four blood gas studies (two qualifying and two non-qualifying), and eight pulmonary function tests. There were also eight medical reports. Dr. Walker found that Krahel was totally disabled due to pneumoconiosis. The West Virginia Occupational Pneumoconiosis Board found that Krahel suffered from pneumoconiosis. Dr. Paal diagnosed mild but not disabling pneumoconiosis. Dr. DelVecchio diagnosed mild to moderate pneumoconiosis. Dr. Strimlin thought Krahel was totally disabled due to heart problems--hypertensive cardiovascular disease with aortic stenosis. Dr. Zaldivar, a B-reader, submitted a consultative report stating that his x-ray suggested congestive heart failure as opposed to pneumoconiosis. He found that Krahel suffers hypertensive cardiovascular disease and cardiac ischemia. Also in a consultative report, Dr. Morgan found that Krahel does not suffer from pneumoconiosis and that any impairment he has is due to heart disease. Dr. Kress filed a consultative report in which he found no pulmonary or respiratory impairment attributable to pneumoconiosis. He found Krahel totally disabled from non-occupational cardiovascular lung disease.
 
 
 8
 Following the hearing, on March 17, 1987, the ALJ granted the employer's motion to have the claimant examined by a physician of its choice and entered an order allowing both parties to submit additional medical evidence. Pursuant to that order, the employer submitted a report from Dr. Altmeyer who diagnosed organic heart disease and found that Krahel does not suffer from pneumoconiosis. The claimant submitted a report from Dr. Levine who diagnosed chronic bronchitis, hypertension and arteriosclerotic heart disease and found claimant totally disabled due to pneumoconiosis.
 
 
 9
 On the basis of this evidence, and in reliance on Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), rev'd sub nom. Mullins Coal Co. v. Director, OWCP, 108 S.Ct. 427 (1987), the ALJ found that the interim presumption of total disability was invoked under each subsection of 20 C.F.R. Sec. 727.203(a). The ALJ denied benefits, however, finding the presumption rebutted under Sec. 727.203(b)(3) and (4) by evidence that Krahel did not suffer from pneumoconiosis and that any disability he suffered did not arise out of coal mine employment. On appeal, the Board found that the medical evidence in this case did not support invocation of the presumption under Sec. 727.203(a)(1) in light of the intervening decision in Mullins. However, because the ALJ found the presumption invoked under the other subsections of Sec. 727.203(a), the Board went on to affirm the ALJ's decision that the employer had established rebuttal under Sec. 727.203(b)(4). The Board did not address the ALJ's finding of rebuttal under Sec. 727.203(b)(3). Krahel appeals.
 
 II
 
 10
 At the outset, we note that the Board correctly concluded that the x-ray evidence did not establish invocation of the presumption. Although we held in Stapleton that the presumption is established when there is credible evidence that a single qualifying x-ray indicates the presence of pneumoconiosis, Stapleton was reversed by the Supreme Court in Mullins where the Court held that a single item of qualifying evidence is not always sufficient to invoke the interim presumption; rather, the claimant must establish the invocation of the presumption by a preponderance of the evidence. 108 S.Ct. at 433-41. Clearly, the claimant's x-rays did not meet this standard.
 
 
 11
 However, the presumption at Sec. 727.203(a) was invoked by Krahel's other medical evidence. This being the case, the Board found rebuttal established under Sec. 727.203(b)(4). Although we agree that substantial evidence supports the Board's findings of rebuttal under Sec. 727.203(b)(4), we have recently held that application of the rebuttal provisions of 20 C.F.R. Sec. 727.203(b)(3) and (4) violates 30 U.S.C. Sec. 902(f).
 
 
 12
 In Taylor v. Clinchfield Coal Company, --- F.2d ----, No. 87-3852 (4th Cir.1990), we held that the literal language of 30 U.S.C. Sec. 902(f) requires that a claimant who filed after July 1, 1973, but before April 1, 1980, may not have his claim analyzed under more restrictive criteria than a claimant who filed under the interim HEW regulations on June 30, 1973. Thus, regardless of whether the interim presumption is invoked under Sec. 727.203 or Sec. 410.490, a claimant must have his claim adjudicated under the less restrictive rebuttal standards of Sec. 410.490.
 
 
 13
 Section 410.490 allows for only two methods of rebuttal. Rebuttal can be shown by evidence that a miner is performing his usual coal mining or comparable work or by evidence that the miner is capable of performing his usual coal mining or comparable work. In this case, the ALJ found the presumption rebutted under Sec. 727.203(b)(3) by evidence that Krahel did not suffer from pneumoconiosis and under (b)(4) by evidence that the disability he suffered did not arise out of coal mine employment. Neither of these rebuttal provisions is part of the less restrictive rebuttal standards of Sec. 410.490. Therefore, pursuant to our holding in Taylor, we remand this case to the Benefits Review Board for further remand to an ALJ to determine whether rebuttal is established under Sec. 410.490.
 
 
 14
 VACATED AND REMANDED WITH INSTRUCTIONS.